**Opinion issued August 15, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00243-CV

————————————

## ROBERT H. GOODE, JR., Appellant

## V.

## STEPHANIE MCGUIRE, Appellee

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 468981-401**

---

## MEMORANDUM OPINION

This case is related to the guardianship proceedings for Lockie Goode, the wife of appellant Robert H. Goode, Jr. ("Bob"). *See Goode v. McGuire*, No. 01-20-00028-CV, 2021 WL 4432534, at *1 (Tex. App.—Houston [1st Dist.] Sept. 28, 2021, no pet.) (mem. op.) (affirming appointment of permanent guardian of person

of Lockie Goode); *Goode v. McGuire*, No. 01-21-00535-CV, slip op (Tex. App.—Houston [1st Dist.] August 15, 2023, no pet. h.) (mem. op.) (affirming appointment of permanent guardian of estate of Lockie Goode), *available at* https://www.txcourts.gov/1stcoa/.

When Stephanie McGuire became involved with Lockie in 2017, she worked with Lockie to take charge of real and personal property that Bob and Lockie owned while Bob was recovering from surgery. McGuire later made an accounting to the probate court in the guardianship proceedings. Bob filed suit against McGuire alleging that she committed a variety of bad acts in connection with taking charge of his and Lockie's property. The trial court granted summary judgment in McGuire's favor.

On appeal, McGuire has argued that we lack jurisdiction because Bob's notice of appeal was untimely. Bob opposed McGuire's motion to dismiss, confoundingly arguing that his notice of appeal was not untimely because the order from which he appeals is not a final judgment.

We dismiss this appeal for lack of jurisdiction.

**Background**

McGuire moved for traditional and no evidence summary judgment on Bob's claims. Bob did not respond initially, and the trial court granted partial summary judgment on McGuire's traditional motion on December 6, 2021. The

trial court granted Bob's motion for reconsideration on December 17, 2021, and after another hearing, the court granted McGuire's no evidence motion for summary judgment on January 12, 2022. The summary judgment order did not include a Mother Hubbard clause and did not state that it was a final judgment or disposed of all parties and claims. When the no evidence summary judgment was entered, McGuire had pending counterclaims for sanctions. Bob filed a motion for new trial on February 14, 2022, and he filed his notice of appeal on March 25, 2022.

On appeal, McGuire filed a motion to dismiss for want of jurisdiction arguing that this Court lacks jurisdiction because Bob's notice of appeal was untimely. Bob responded, arguing that McGuire's motion to dismiss should be denied, but confoundingly argued that his notice of appeal was not filed too late because the order from which he appealed was not a final judgment. He did not assert that a final judgment has been filed or that the January 12, 2022 summary judgment was an appealable interlocutory order.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Texas Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). In cases in which a judgment has been rendered without a conventional trial on the merits, the judgment is not final unless it (1) actually disposes of all pending

claims and parties or (2) clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). If an order that is purported to be a final judgment contains a "clear and unequivocal" finality phrase disposing of the entire case, it is final—and the failure to actually dispose of all claims and parties renders it erroneous but not interlocutory. *Jones*, 629 S.W.3d at 924; *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (per curiam); *see also Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention.").

The January 12, 2022 order was rendered without a conventional trial on the merits. It does not dispose of all parties and claims because McGuire's sanctions claims remain pending. It does not purport to be a final judgment or include clear and unequivocal language disposing of the case and indicating that it is a final judgment. Accordingly, we conclude that it is not a final judgment. In addition, it is not an appealable interlocutory order. *See* TEX. R. CIV. P. 51.014.

In addition, even if the January 12, 2022 order was a final judgment, we still would not have jurisdiction in this case. To invoke this Court's jurisdiction, a notice of appeal must ordinarily be filed within 30 days after the entry of judgment.

*See* Tex. R. App. P. 26.1. When a party timely files a motion for new trial, the deadline to file a notice of appeal is extended to 90 days after the entry of judgment. *See* Tex. R. App. P. 26.1(a)(1). A motion for new trial must be filed "prior to or within thirty [30] days after the judgment or other order complained of is signed." Tex. R. Civ. P. 329b(a).

Here, the trial court signed the no evidence summary judgment on January 12, 2022, and Bob filed his motion for new trial 33 days later, on February 14, 2022. Thus, his motion for new trial was not timely filed, and it did not extend the time for filing the notice of appeal to 90 days after the entry of judgment. *See* Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1(a)(1). Bob filed his notice of appeal on March 25, 2022, which was 72 days after the date of the no evidence summary judgment. Accordingly, Bob's notice of appeal was untimely.

## Conclusion

We grant McGuire's motion to dismiss this appeal for want of jurisdiction and dismiss this appeal.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.